## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | Consuelo S. Williams, | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | )    Case No.: CIV-12-426-F |
| | | ) |
| (1) | ATC Drivetrain, a corporation; | ) |
| (2) | James Arnett, an individual; | ) |
| (3) | Rodney Traylor, an individual; | ) |
| (4) | Teodolo (Ted) Ortiz, an individual; | ) |
| (5) | Mike Flannagan, an individual; | ) |
| (6) | Lief Weils, an individual; | ) |
| (7) | Maxwell (Max) Agunwani, an | ) |
| | individual, | ) |
| (8) | Twun "Doe", an individual whose last | ) |
| | name is unknown; and, | ) |
| (9) | David "Doe", an individual whose last | ) |
| | name is unknown, | ) |
| | | ) |
| | Defendants. | ) |

## AMENDED COMPLAINT

Plaintiff, for her claims against the Defendants, alleges the following:

## PARTIES

1.    Plaintiff, Consuelo Williams ("Williams"), is a citizen of the state of Oklahoma and resides within the Western District of Oklahoma.

2.    Defendant, ATC Drivetrain, ("ATC"), is a Delaware corporation doing business in Oklahoma.

3.    Defendants James Arnett, Rodney Traylor, Teodolo (Ted) Ortiz, Mike Flannagan, Lief Weils, and Maxwell (Max) Agunwani are individuals, who, upon

information and belief, reside in the state of Oklahoma and within the Western District of Oklahoma.  All are/were employees of Defendant ATC.

4.      Defendants Twun "Doe" and David "Doe" are individuals, who, upon information and belief, reside in the state of Oklahoma and within the Western District of Oklahoma.  Both are/were employees of Defendant ATC.

## JURISDICTION AND VENUE

5.      This matter was removed to federal court [Docket No.1] pursuant to 28 U.S.C. §§ 1331, 1367 and 1441. and 42 U.S.C. § 2000e-5.

6.      In compliance with Title VII, Ms. Williams filed a charge of discrimination with the EEOC on November 5, 2010. The charge of discrimination included allegations of discrimination based on sex, sexual harassment, and unequal terms and conditions of employment. On October 31, 2011, the EEOC issued to Ms. Williams a Notice of her Right to Sue.

## STATEMENT OF FACTS

7.      Plaintiff was hired as an assembly line worker in May of 2010 for ATC Drivetrain.

8.      During the course of her employment, Defendants, James Arnett, Rodney Traylor, Teodolo (Ted) Ortiz, Lief Weils, Maxwell (Max) Agunwani, Twun "Doe" and David "Doe" [collectively referred to herein as the Individual Defendants], subjected Ms. Williams to severe and pervasive sexual touching, sexual remarks, sexual gestures and threats to sell Ms. Williams for sexual favors.

9.      Defendant Traylor and Defendant Ortiz were two of Plaintiff's supervisors

during her employment with ATC.

10.    During the course of her employment, ATC and the Individual Defendants subjected Ms. Williams to a hostile and discriminatory work environment on the basis of her sex.

11.    Between August and November, 2010, when Plaintiff was employed by ATC, the ATC work place was permeated with sex through pervasive and constant sexual comments and gestures, unwanted sexual overtures and innuendoes, and unwanted sexual touching directed toward Plaintiff.

12.    On or about July 27th, 2010 Plaintiff began complaining to her supervisors, Defendants Ortiz and Traylor, about the discrimination and harassment against her.  Her supervisors, Defendants Traylor and Ortiz, either acquiesced or participated in the discriminatory and harassing acts.  No investigation or discipline resulted from Plaintiff's complaint.

13.    Despite her complaints to supervisors, the Individual Defendants continually subjected Ms. Williams to inappropriate and sexually graphic comments and touching, including, but not limited to:

(a)    Telling Plaintiff that Defendant Agunwani "jacks off" and "tastes his cum;"

(b)    Defendant Weils hitting Plaintiff on her butt;

(c)    Defendant Twun "Doe" telling Plaintiff he can see her underwear;

(d)    Telling Plaintiff that Pinocchio wanted to "f*** her with his nose;"

(e)    Defendants Agunwani, Arnett and Traylor discussing how much

they would receive if they sold Plaintiff for sexual favors and who would receive a "finders fee"'

   (f)  Discussions about "p***y";

   (g)  Asking Plaintiff if she needed help putting lotion on;

   (h)  Comments about engaging in sexual acts (Defendant Weils); and

   (i)  Other sexually graphic comments.

14.  On or about August 25, 2010, after Plaintiff had an argument with a Defendant David "Doe" about her being assigned to "his" station, he asked her to look at a part and when she bent over to take a closer look, Defendant David "Doe" used an air blower to blow metal iron flakes from the part into the Plaintiff's eyes and laughed about it.   Plaintiff had to be treated for eye scratches and pain.   Defendant ATC dismissed the incident as an "accident" and no discipline resulted from Defendant David "Doe's" conduct.

15.  On or about September 30, 2010, Plaintiff complained to Defendant Ortiz, her supervisor, of the Individual Defendants harassing and discriminatory treatment. Defendant Ortiz advised Ms. Williams the Individual Defendants were able to "get away" with this type of behavior.   Defendant Ortiz advised Ms. Williams to just stay away from the Individual Defendants because they were not going to quit their behavior.   No investigation or discipline resulted from Plaintiff's complaint.

16.  Plaintiff also complained to Defendant Traylor, the Warehouse Supervisor, about the Individual Defendants' behavior.   On October 22, 2010, Plaintiff asked

4

Defendant Traylor for a transfer. Defendant Traylor denied the request, and no investigation or discipline resulted from Plaintiff's complaint.

17.    On October 28, 2010, Plaintiff again complained to her supervisor, Defendant Traylor, about the sexually hostile work environment. Defendant Traylor informed Plaintiff she needed to "get out more and take it as a compliment."

18.    After Plaintiff complained again on October 29, 2010, Defendant Traylor advised Ms. Williams he was not going to terminate anyone because they were "talking nasty" to Ms. Williams.

19.    On October 29, 2010, Plaintiff reported the unwelcome and offensive behavior to ATC's Human Resources Department.

20.    Upon learning of Ms. Williams' complaint to Human Resources, the Individual Defendants became visibly upset and began retaliating against Plaintiff. Defendant Agunwani followed Ms. Williams to her car at the end of her shift. The Individual Defendants isolated Plaintiff while working on the line, slammed doors in her face and would not assist her in work-related tasks.

21.    Plaintiff was further retaliated against by not being allowed to report to work the following day for overtime when all other similar workers were allowed to report for overtime if they desired.

22.    Despite Plaintiff's complaint, the Individual Defendants continued to treat Plaintiff in a disparate manner compared to male workers and continued to make offensive and unwelcome sexual remarks to Plaintiff.

23.     Upon Plaintiff's return to work on November 1, 2010 the Director of HR pressured Plaintiff to sign a document declining a transfer.  Out of fear of being fired or transferred to an even more loathsome location, Plaintiff signed the document.

24.     On or about November 3, 2010 Plaintiff inquired about any investigation or discipline and a male HR Director, instructed Plaintiff "to do her work and let this blow over."

25.     Despite Plaintiff's complaint's, the Individual Defendants were not reprimanded.

26.     By such conduct, Defendants, including ATC, subjected the Plaintiff to a work environment that was both subjectively and objectively offensive, severe and pervasively hostile.

27.     As a result of the hostile work environment, retaliatory actions, and additional stress unduly placed on Plaintiff, and the appearance of little to no investigation or discipline of her coworkers for their conduct, the Plaintiff became depressed and suicidal.

28.     On or about December 12, 2010, Plaintiff was involuntarily committed to the Behavioral Medicine Center at St. Anthony Hospital and has been unable to return to work.

29.     Defendant, ATC Drivetrain, without justification and for no reason other than gender and/or race, paid male assembly line workers at a higher rate of pay than that of Plaintiff.

30.     During Plaintiff's employment Defendant ATC created a gender and sexually hostile work environment against the Plaintiff by treating the Plaintiff in a disparate manner based on her gender, race, and by the making of unwanted sexually offensive remarks and advances.

31.     Plaintiff was constructively discharged from her duties.

32.     Plaintiff has exhausted her administrative remedies by filing in a timely charge with the Equal Employment Opportunity Commission (EEOC) on November 5, 2010.   After an investigation the EEOC determined there was reason to believe Defendant violated Title VII of the Civil Rights Act of 1964.

33.     Plaintiff received a "right to sue" letter on October 31, 2011, and Plaintiff timely filed suit within 90 days of issuance.

34.     ATC Drivetrain has fifteen or more full or part-time employees and is subject to the provisions of Title VII.

## FIRST CAUSE OF ACTION -
## HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

35.      Ms. Williams incorporates paragraphs 1 through 34 herein.

36.     The acts and omissions of Defendant ATC constitute sexual harassment in violation of Title VII of the Civil Rights Act of 1964 as amended.

37.     These acts caused Ms. Williams severe emotional distress.  Ms. Williams has suffered physically, mentally and economically as a result of these acts.

38.    Defendant ATC's actions toward Ms. Williams were willful, malicious, and deliberate, and/or made with reckless or negligent indifference to Ms. Williams' federally protected civil rights.

39.    The hostile work environment, disparate treatment and retaliatory/discriminatory wrongful termination constitute a violation of Title VII for which the Defendant ATC Drivetrain is solely liable.

40.    Under Title VII Plaintiff is entitled to compensation for her lost earnings resulting from the unequal pay, and retaliation for opposing such discrimination

41.    As a result of the Defendants conduct and the hostile work environment, Plaintiff has suffered emotional distress, depression, embarrassment, harassment, humiliation, lost income (past, present and future), and other injuries for which she is entitled to compensatory damages.

42.    Under Title VII Plaintiff is entitled to compensation for her lost earnings resulting from the unequal pay, and retaliation for opposing such discrimination and dignitary harms including worry, anxiety and like feelings.

43.    Ms. Williams is entitled to recover damages, including punitive damages, from Defendant ATC as a result of these injuries.

**SECOND CAUSE OF ACTION –
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

44.    Ms. Williams incorporates paragraphs 1 through 43 herein.

45.    ATC's acts constitute intentional infliction of emotional distress.

46.     The acts of the Individual Defendants constitute intentional infliction of emotional distress.

47.     Ms. Williams has suffered physically, mentally, and economically as a result of these acts.

48.     Defendants' actions toward Ms. Williams were willful, outrageous, malicious and deliberate, and/or made with reckless indifference and have caused Ms. Williams severe emotional distress.

49.     Ms. Williams is entitled to recover damages, including punitive damages, from Defendants as a result of these injuries.

### THIRD CAUSE OF ACTION - NEGLIGENT RETENTION & SUPERVISION

50.     Ms. Williams incorporates paragraphs 1 through 49 herein.

51.     Defendant ATC knew or should have known the Individual Defendants created a sexually hostile work environment for female employees in general, and for Ms. Williams specifically, based on the conduct described herein.

52.     Defendant ATC retained the Individual Defendants, providing them the opportunity to sexually harass Ms. Williams.

53.     Defendant ATC owed Ms. Williams a duty to protect her from persons it knew or should have known posed a threat to Ms. Williams.

54.     Defendant ATC was negligent in its decision to continue the Individual Defendants' employment after it knew or should have known the Individual Defendants engaged in sexual harassment of Ms. Williams and/or other women at the facility.

55.    It was foreseeable, based on the previous complaints and the pervasiveness of the sexual harassment, that the Individual Defendants' continued sexual harassment would harm Ms. Williams.

56.    Ms. Williams has suffered physically, mentally, and economically as a result of these acts.

57.    Defendant ATC's actions toward Ms. Williams were willful, malicious, and deliberate, and/or made with reckless indifference and have caused Ms. Williams' severe emotional distress.

58.    Ms. Williams is entitled to recover damages, including punitive damages, from Defendant ATC as a result of these injuries.

## FOURTH CAUSE OF ACTION –
## VIOLATION OF OKLAHOMA ANTI-DISCRIMINATION ACT

59.    Williams incorporates paragraphs 1 through 58 herein.

60.    Discrimination and harassment based on gender, age, or race, including unequal pay and retaliation for opposing such discrimination and harassment in contrary to Oklahoma's statutory provisions against unequal pay (40 O.S. §§198.1, et seq.) and is also contrary to Oklahoma's clearly established public policy against race and gender discrimination in employment as set out in the Oklahoma Anti-Discrimination Act (OADA) 25 O.S. §§1101, et seq. and in Saint v. Data Exchange, 2006 OK 59,145 P.3d 1037.  All Defendants are held liable under this count.

61.    ATC Drivetrain is responsible for the actions of its employees and even if the Individual Defendants were acting pursuant to bad faith or personal biases because in

carrying out such biases Defendants were aided in their wrongful conduct by the authority and power vested in them by the employer.

62.     As a result of the Defendants conduct and the hostile work environment, Plaintiff has suffered emotional distress, depression, embarrassment, humiliation, lost income (past, present and future), and other injuries for which she is entitled to compensatory damages and equitable relief.

63.     Because the actions of the Defendants were either willful or malicious or at least reckless, Plaintiff is entitled to an award of punitive damages against the defendants.

Respectfully Submitted,

s/Courtney D. Powell
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Lester, Loving & Davies, P.C.
1701 South Kelly Avenue
Edmond, Oklahoma 73013
Phone (405) 488-9900
Fax (405) 844-9958
sdavies@lldlaw.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record as set forth below:

J. Jeremy Tubb
Fuller Tubb Birckford & Krahl PLLC
201 Robert S Kerr Ave, Suite 1000
Oklahoma City, OK 73102-8805
ATTORNEY FOR DEFENDANT
ATC DRIVETRAIN

/s/ Courtney D. Powell